WEST and others *against* PRITCHARD and others.

Where the plaintiff, in an action against the defendants as acceptors of an order drawn by *D*, for the delivery of goods on demand, declared upon the contract as an absolute undertaking, by the defendants, to deliver the goods to the plaintiff, on demand ; and the evidence showed, that the order was given by *D*, to the plaintiff, as collateral security for his indebtedness; it was held, that the contract of the defendants being absolute on its face, was properly declared on ; and the circumstance that the order was given as collateral security, which appeared in evidence, did not constitute a variance.

In an action on a contract for the delivery of goods, the general rule of damages is, the value of the goods, at the time the contract was broken, with interest from that time.

But to this general rule there is an exception, where the goods are paid for in advance, and in regard to contracts for the transfer of stock, on a given day ; in which cases, if the goods or stocks have risen in value subsequent to the time of delivery or transfer, the purchaser may recover their value at the time of trial.

Where the plaintiff sold property to *D*, relying for security upon the undertaking of the defendants to deliver to the plaintiff certain goods, at specified prices, on demand ; and these goods, at the time of the demand, had fallen in value below the prices so specified ; in an action for the non-delivery of such goods, it was held, 1. that the plaintiff was entitled to stand in the same situation as if he had paid to the defendants the amount of the property sold to *D*, and consequently, if the goods had risen in value after the demand, the plaintiff would have been entitled to recover the value of them at the time of trial ; but 2. that as they had fallen after the contract, he could recover only their value at the time of the demand.

THIS was an action of *assumpsit*, founded on an order drawn by *C. S. Dunning*, on the defendants, to deliver certain goods specified therein, with the prices annexed, to the plaintiffs, as they should order them from time to time ; which order was accepted, by the defendants. The declaration contained the common counts, and six special counts, stating the contract made by the defendants, in different forms.

The cause was tried, on the general issue, at *New-Haven, October* term, 1847, before *Ellsworth*, J.

On the trial, the plaintiffs abandoned the general accounts, and relied exclusively upon the special counts. The defendants claimed, that there was a material variance between the contract proved, and that stated in each one of those counts. To avoid unnecessary prolixity, a recital of those counts, and a detail of the evidence in relation to the contract, are here omitted. They sufficiently appear from the opinion of the court.

A further question was made as to the amount of damages, which the plaintiffs were entitled to recover. The case, so far as that question is concerned, was this. *Clark S. Dunning* purchased of the plaintiffs certain goods, on a credit of six months, and, as collateral security for the payment of the debt, gave them a bill of sale of a certain quantity of suspenders, specified therein, with the numbers and prices stated, amounting to 1093 dollars, 12 cents. At the bottom of the bill of sale, was an order, drawn by *Dunning*, upon the defendants, requesting them to deliver to the plaintiffs the goods described in the bill of sale, as the plaintiffs might, from time to time, order them. This order was duly accepted, by the defendants, and a part of the suspenders was delivered as they were ordered ; but the balance of them the defendants refused to deliver, when they were demanded. *Dunning* afterwards adjusted his account with the plaintiffs, for the goods which he had purchased, and gave them his note for 792 dollars, 60 cents, the balance then due them.

The defendants claimed, that when the goods were demanded, they had fallen in value, and were then worth in market only 451 dollars ; and that the plaintiffs, if they were entitled to recover, could recover no more than that sum, with interest.

The plaintiffs insisted, that the defendants were liable for the amount of *Dunning's* note, with interest from its maturity, if the value of the suspenders so refused to be delivered, at the prices specified in the bill of sale, would be sufficient therefor. They further claimed, that the goods had risen in value, after the demand was made.

The court instructed the jury, in relation to the damages, in conformity with the plaintiffs' claim ; and as to the variance, that it was not such as would preclude a recovery.

The jury returned a verdict in favour of the plaintiffs, for 869 dollars, 87 cents, the amount of *Dunning's* note and interest ; and the defendants moved for a new trial.

*Bissell* and *C. Robinson*, in support of the motion, contended, 1. That there was a fatal variance between the averments in the special counts and the proof, both in regard to the consideration of the defendants' undertaking and the undertaking

New-Haven,
July, 1848.

West
v.
Pritchard.

itself.  *Curley* v.  *Dean*, 4 *Conn. R.* 130.    *Russell* v. *South Britain Society*, 9  *Conn. R.* 508.

2. That the rule of damages given to the jury was incorrect. In the first place, there was no breach of the defendants' undertaking until a demand  was  made ; and the  value of the goods, at that  time, is  the rule of their  liability.    *Wells* v. *Abernethy*, 5  *Conn. R.* 222.     *Shepherd*  v.  *Hampton*, 3 *Wheat.* 200.     *Amory* v. *McGregor*, 15 *Johns. R.* 24. 38. *Shannon* v. *Comstock*, 21 *Wend.* 457. 461.    *Pitcher* v. *Livingston*, 4 *Johns. R.* 1.    *Watkinson* v. *Laughton*, 8 *Johns. R.* 164. (2d ed.)    *Gainsford* v. *Carroll*, 2 *B. & Cress.* 624. (9 *E. C. L.* 204.)    *Boorman* v. *Nash*, 9 *B. & Cress.* 145. (17 *E. C. L.* 344.)    *Dey* v. *Dox*, 9 *Wend.* 129.    Secondly, the case is not taken out of the rule, by the claim that the goods were paid for.     *Kennedy* v. *Whitwell*, 4 *Pick.* 466.    *Sargent* v. *The Franklin Insurance Company*, 8 *Pick.* 90.    Nor is the value at the time of the rendition of the judgment, the rule.    *Shaw* v. *Nudd*, 8 *Pick.* 9. 14.    *Swift* v. *Barnes*, 16 *Pick.* 194.

*Dutton*, contra, contended, 1. That the  evidence offered was clearly admissible under the  second  and fourth counts. The order  is declared on  according to its *legal effect*.   The fact that the order  was left as collateral  security, will make no difference in the pleadings.

2. That  the rule  of damages  was  correctly given to the jury.   The damages  were *liquidated*.    *Brooks* v. *Hubbard*, 3 *Conn. R.* 58.    *Clark* v. *Pinney*, 7 *Cowen*, 681.    *Gleason* v. *Pinney*, 5 *Cowen*, 152.    *Courcier* v. *Graham*, 1 *Ham.* 330. Where value has been advanced, it may be  recovered back in damages.    *Bush* v. *Canfield*, 2 *Conn. R.* 485.

3. That as substantial justice has been done, no new trial will be granted.  *Johnson* v. *Blackman*, 11  *Conn. R.* 342. *Branch* v. *Doane*, 17 *Conn. R.* 402.

WAITE, J.   Two questions are presented upon this motion. One is, whether there  is a fatal variance between the contract proved and that stated in any one count in the declaration ; and the  other  relates to  the amount of damages to which the plaintiffs are entitled.

1. As to the variance.   We do not think the claim of the

defendants well founded.    The contract is declared upon as

an absolute undertaking, on the part of the defendants, to deliver the goods to the plaintiffs, on demand.    The circumstance that it was given by *Dunning*, merely as collateral security for his indebtedness, can make no difference.

The contract, upon its face, is absolute and unconditional. The defendants, by their acceptance, undertook to deliver the goods, when required by the plaintiffs.    The plaintiffs, therefore, had a right to declare upon it, according to its legal effect, as they have done.

Suppose *Dunning* had deposited, as collateral security for his debt, a bill of exchange, drawn by him and accepted by the defendants ; would there be any doubt but that the plaintiffs might declare upon it in the usual form ?    The manner in which the plaintiffs might be required to account for the proceeds with *Dunning*, would have no effect upon the form of declaring in a suit against the acceptors, although in some cases it might affect the damages.

2.  The next enquiry is, what damages are the plaintiffs entitled to recover, for the refusal of the defendants to deliver the goods according to their contract?

The general rule upon this subject, is well settled.    They are entitled to the value of the goods, at the time the contract was broken by the defendants.    " Where a man" says judge *Swift*, " contracts to deliver any article besides money, and fails to do it, the rule of damages is the value of the article at the time and place of delivery, and the interest for the delay."    *Bush* v. *Canfield*, 2 *Conn. R.* 487.

The rule, as thus stated, was subsequently recognized as the correct rule, by this court.    *Wells* v. *Abernethy*, 5 *Conn R.* 227. and may be considered as the settled rule in *England* and in the adjoining states.    *Boorman* v. *Nash*, 9 *B. & Cress.* 145. (17 *E. C. L.* 344.)    *Shaw* v. *Nudd*, 8 *Pick.* 9.    *Swift* v. *Barnes*, 16 *Pick.* 194. 196.    *Clark* v. *Pinney*, 7 *Cowen*, 681.    *Shepherd* v. *Hampton*, 3 *Wheat.* 200.

But to this general rule, an exception has been made, in many of the modern cases.    And that is, where the price of the goods is paid in advance, and the vendor subsequently refuses to deliver them, the purchaser is not confined to their value at the time when they should have been delivered, but if the goods have risen in value, he may recover their value at the time of trial.

This has long been the rule in *England*, in regard to contracts for the transfer of stock, on a given day.   In such case, a party may recover the value of the stock at the time of trial, if it has risen subsequent to the time specified for the transfer; and this, upon the principle of doing substantial justice to the party entitled to the transfer.

" The true measure of damages," says *Grose*, J., " in all these cases, is, that which will completely indemnify the plaintiff for the breach of the engagement.   If the defendant neglect to replace the stock, at the day appointed, and the stock afterwards rise in value, the plaintiff can only be indemnified, by giving him the price of it at the time of trial." *Shepherd* v. *Johnson*, 2 *East*, 211.   *Payne* v. *Burke*, 2 *East*, 213. n.   *Harrison* v. *Harrison*, 1 *Car.* & *Pa.* 412. (11 *E. C. L.* 436.)

And in such case, the party has his election, either to take the price at the time specified for the delivery, or the value at the time of trial.   *McArthur* v. *Seaforth*, 2 *Taun.* 258. *Downes* v. *Back*, 1 *Stark. R.* 318.

But this rule is not now confined to contracts for the transfer of stock, and there is no reason why it should be.   Thus, in an article of trover, for *East-India Company's* warrants for cotton, the cotton rose in value after the defendant's refusal to deliver it.   *Abbott*, Ch., J., held, that the jury, in assessing the damages, were by no means confined to the value of the cotton, on the day of the conversion.   He observed, " it may be said, that if the plaintiff had wanted cotton, he might have immediately bought more, at that day's price, as soon as he found that this cotton was detained from him; but then to do that, he must have had the money, which he might not have ready on the very day of the detention, nor on any day after, until the price had risen." *Greening* v. *Wilkinson*, 1 *Car. & Pa.* 625. (11 *E. C. L.* 499.)   *Clark* v. *Pinney*, 7 *Cowen* 681.

But this exception does not apply, where a contract is made for the purchase of goods, which are to be paid for when delivered.   There, as nothing is paid by the purchaser upon the contract, he has the money in his possession, and may, immediately after the contract is broken by the defendant, purchase other goods; and if he sustains any loss, by neglecting to do so, the fault is his own.   He cannot avail himself of

any subsequent rise of the articles, in his action for their non-delivery.     *Gainsford* v. *Carroll* & al. 2 *B. & Cress.* 624. (9 *E. C. L.* 204.)

So where a contract was made for the sale and delivery of a quantity of cotton, to be paid for on the delivery ; in an action by the vendee for not delivering the cotton, the supreme court of the *United States* held, that the measure of damages was the price of the cotton at the time it was to be delivered.     And *Marshall*, Ch. J., after delivering the opinion of the court, added, " for myself only, I can say that I should not think the rule would apply to a case where advances of money had been made by the purchaser, under the contract." *Shepherd* v. *Hampton*, 3 *Wheat.* 200. 204.

Although the exception to the rule seems not to have been universally adopted, yet in our opinion, it appears to be founded upon principles of natural justice.   The effect is, to give indemnity to the injured party, who has been induced to part with his property, relying upon the engagements of another.     And the weight of authorities is altogether in favour of the exception.   *Kennedy* v. *Whitwell*, 4 *Pick.* 466. *Shaw* v. *Nudd*, 5 *Pick.* 9.

The rule which was adopted in this case, on the circuit, was, to take the purchase money paid as the measure of damages. That rule seems to have been applied in *Bush* v. *Canfield*, but was afterwards repudiated, in the case of *Wells* v. *Abernethy.*   The court, in the latter case, say, " the consideration of the contract is never the rule in estimating the damages for the breach of an express contract."

The plaintiffs, on the trial, claimed to recover the amount of their note against *Dunning*, provided the goods, which the defendants had refused to deliver, at the prices specified in the bill of sale, would amount to that sum ; and the jury were so instructed.

They are consequently not entitled to retain the full amount of their present verdict.   But as they parted with their property to *Dunning*, relying upon the defendants' promise to deliver the goods, they are entitled to stand in the same situation, as if they had paid the same amount to the defendants, and are not obliged to take, as damages, the value of the goods only at the time of the demand, provided the goods, as they claim, have since risen in value.

How much they have risen, does not appear. But the motion shows what was claimed by the defendants as the value, at the time of the demand. We think, therefore, it is optional with the plaintiffs, either to remit so much of their verdict as will reduce the verdict to a sum equal to the value of the goods at the time of the demand, with interest from that time, or suffer a new trial of the cause, at their election.

In this opinion the other Judges concurred, except ELLS-WORTH, J., who was absent.

New trial to be granted, *nisi.*