AARON McKENNEY *vs.* ALLEN HAINES.

*Damages—measure of.*

In assumpsit for breach of contract to return borrowed bank stock on demand; *held*, that the measure of damages is the market value of the stock on the day of demand, with interest.

ON REPORT.

ASSUMPSIT to recover balance due for twenty shares of the stock of the Second National Bank of Portland, borrowed by the defendant of the plaintiff, June 5, 1869, upon an agreement to return them on demand, and in the meantime to pay to Mr. McKenney all the dividends declared upon them. To secure performance of this agreement the defendant conveyed to the plaintiff real estate in Portland. Circumstances rendering it impossible for Mr. Haines to return the shares when demanded, and the property taken as collateral being insufficient security, it was agreed that Mr. McKenney should take the land at an appraisal, and Mr. Haines be holden to him for the balance : this case is reported to determine what that balance is, and the legal principles upon which it is to be ascertained. The demand for a return of the stock was made in August, 1872, when it was selling at $125 per share. The land was appraised October 22, 1872, at $1,394. The bank subsequently closed up its business and paid $145 per share to each stockholder.

*Joseph A. Locke,* for the plaintiff.

*A. Haines,* pro se.

VIRGIN, J. On June 5, 1869, the defendant borrowed of the plaintiff twenty shares of bank stock, conveyed to him certain land as security and contracted to pay him all dividends on the stock, and return the same number of shares on demand upon receiving a reconveyance of the land.

Circumstances having rendered it impossible for the defendant to return the stock, the parties, on October 18, 1872, agreed that the plaintiff should retain the land at an appraised value, and that the defendant should pay the difference. The defendant failed to fulfill the latter agreement, and this action was brought for a determination of the rights of the parties—the principal question being the measure of damages.

The general rule of damages for the refusal of a vendor to deliver goods according to the terms of sale is well settled everywhere—to wit;—the market value of the goods, at the time the contract was broken, allowing the jury to add the interest for the delay. This rule has frequently been recognized by this court. *Smith* v. *Berry*, 18 Maine, 122 ; *Warren* v. *Wheeler*, 21 Maine, 484 ; *Furlong* v. *Polleys*, 30 Maine, 491 ; *Berry* v. *Dwinel*, 44 Maine, 255 ; *Bush* v. *Holmes*, 53 Maine, 417.

But to this general rule an exception has been made in the courts of some States and countries ; and so far as the exception is concerned there has long been a conflict of authority. Thus in England, in cases of contracts for the transfer of stocks, and in some jurisdictions in cases of the sale of goods paid for in advance, vendees have recovered the value of the stocks or goods on the day when by the terms of the contract they ought to have been delivered, or, on the day of trial, at the option of the plaintiff. "The true measure of damages" in such cases being held to be "that which will completely indemnify the plaintiff for the breach of the engagement." *Shepherd* v. *Johnson*, 2 East, 210 ; *M'Arthur* v. *Lord Seaforth*, 2 Taunt., 257 ; *Downes* v. *Back*, 1 Stark., N. P. C., 318 ; *Harrison* v. *Harrison*, 1 C. & P., 412 ; *West* v. *Pritchard*, 19 Conn., 212, and cases there cited.

In New York, this rule is carried out to its logical result ; for there the measure of damages is declared to be the highest market price of the chattels up to the last trial. *Lobdell* v. *Stowell*, 51 N. Y., 70, and cases there cited.

In Vermont it is held unqualifiedly that the market value or price on the day of the breach of the contract controls the meas-

ure of damages ; and that the fact of payment in advance by the vendee does not affect the rule. *Rider* v. *Kelley*, 32 Vt., 268 ; *Hill* v. *Smith*, 32 Vt., 433 ; *Copper Co.* v. *Copper Min. Co.*, 33 Vt., 92.

Such is also the rule in Massachusetts. *Wyman* v. *Am. Powd. Co.*, 8 Cush., 168, and cases there cited.

The question underwent a very elaborate examination in New Hampshire, in *Pinkerton* v. *Manch. & Law. Railroad*, 42 N. H., 424. The court held in a case of refusal to deliver stock, that the measure of damages is the value of the stock at the time of the demand with interest, and not the value at the time of the trial, or at any intermediate period. Bellows, J., after thoroughly reviewing the authorities in the various jurisdictions, says : "The general rule is, undoubtedly, that he shall have the value of the property at the time of the breach ; and this is a plain and just rule, and easy of application, and we are unable to yield to the reasons assigned for the exception which has been sanctioned in New York and elsewhere. It is true that in some cases, the plaintiff may have been injured to the extent of the value of the property at the highest market price between the breach and the time of trial. But it is equally true that in a large number of cases, and perhaps generally, it would not be so. In that large class of cases where the articles to be delivered entered into the common consumption of the country, in the shape of provisions, perishable or otherwise, to hold that the plaintiff might elect as the rule in all cases, the highest market price between the time fixed for the delivery and the day of trial, which is often many years after the breach, would in many cases, be grossly unjust, and give to the plaintiff an amount of damages disproportioned to the injury. For in most of these cases, had the articles been delivered according to the contract, they would have been sold or consumed within the year and no probability of reaping any benefit from the future increase of prices. So there may be repeated trials of the same cause, by review, new trial or otherwise. Shall there be a different measure of value at each trial ? In the case of stocks, in re-

McKenney *v.* Haines.

gard to which the rule in England originated, there are doubtless cases, and a great many, where they are purchased as a permanent investment, and to be held without regard to fluctuations; and to hold that the damages should be the highest price between the breach and trial, when there is no reason to suppose that a sale would have been made at that precise time, would also be unjust. But it may be fairly assumed that a very large portion of the stocks purchased are purchased to be sold soon; and to give the purchaser, in case of failure to deliver such stock, the right to elect their value at any time before trial, which might often be several years, would be giving him not indemnity merely, but a power, in many instances of unjust extortion, which no court could contemplate without pain."

After a full examination of the subject, Mr. Sedgwick, says: "The value of the article at the time of the breach, with interest for delay . . . . seems to me as near an approach to the actual loss sustained as can be effected, without embarking upon a vague search after facts impossible, in most cases, to be proved with any degree of satisfaction." Sedgwick on Meas. of Dam., 305. To the same effect is *Berry* v. *Dwinel,* 44 Maine, 268. And with these views we are satisfied. According to the agreement of the parties, the entry must be    *Judgment for plaintiff, for $1,131 and int. from Oct. 22, 1872.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.