## JAMES W. TUFTS *vs.* JOHN E. BENNETT.

Suffolk.   January 24, 1895. — April 3, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Breach of Contract — Action — Nominal Damages.*

Where the seller sues the purchaser for the contract price of goods he has refused to accept, which goods were to be paid for by instalments, and the title to which was not to pass until the contract price was fully paid, the measure of damages is the difference between the market value at the time and place of delivery and the contract price, and, no evidence having been introduced of that difference, the court can award nominal damages only.

CONTRACT, to recover the purchase price of goods sold by the plaintiff to the defendant.   Trial in the Superior Court without a jury, before *Hammond,* J., who found for the plaintiff in the sum of one dollar, and the plaintiff alleged exceptions, the material portions of which appear in the opinion.

*W. M. Noble,* for the plaintiff.

*J. Bennett,* for the defendant.

MORTON, J.   The only question in this case relates to the measure of damages, and we think that the ruling of the court was correct.   The contract was an executory one.   Part of the goods ordered were kept in stock by the plaintiff, part were to be manufactured by him, part to be purchased elsewhere, and some labor and stock were to be expended in renovating certain apparatus for the defendant.   The goods were ready for delivery at the time agreed, namely, July 1, 1892, and the plaintiff so notified the defendant, at the same time writing him that he understood that he, the defendant, was not ready for them, and that as a matter of accommodation he was willing to hold the goods a reasonable time.   Thereupon the defendant saw the plaintiff, and an arrangement for the storage of the goods by him until October 1 was effected.   The goods were set apart and tagged with the defendant's name.   On January 2, 1893, the goods not having been delivered and no further arrangement for their storage having been made, the plaintiff wrote to the defendant that he should send the goods to him on the 4th. In response to this letter the defendant called on the plaintiff

and an extension of the time of storage and delivery was granted by the plaintiff. Some time after, the defendant called and requested the plaintiff to rescind the contract. The plaintiff refused, and has always insisted on a performance by the defendant. The goods have remained in the plaintiff's possession, set apart and tagged with the defendant's name, and in storage for him. According to the contract, the defendant upon delivery was to honor a sight draft for four hundred dollars, and to execute to the plaintiff notes for the balance, and the title to the goods was to remain in the plaintiff till the notes were paid. The defendant has never honored any draft nor executed any notes, and the action is brought for the breach of his agreement in failing to do so. The court found that the defendant had repudiated the contract.

The rule seems to be pretty clearly established that the measure of damages in such a case is the difference between the market value of the goods at the time and place of delivery and the contract price. *Barry* v. *Cavanagh*, 127 Mass. 394. *Whitney* v. *Boardman*, 118 Mass. 242. *Clement & Hawkes Manuf. Co.* v. *Meserole*, 107 Mass. 362. *Cutting* v. *Grand Trunk Railway*, 13 Allen, 381. *Valpy* v. *Oakeley*, 16 Q. B. 941. *Bigelow* v. *Legg*, 102 N. Y. 652. *Unexcelled Fireworks Co.* v. *Polites*, 130 Penn. St. 536. *Grand Tower Co.* v. *Phillips*, 23 Wall. 471. *Atwood* v. *Lucas*, 53 Maine, 508.

No evidence, however, was introduced by the plaintiff as to such difference, he relying apparently upon his contention that the measure of damages was the contract price. The only thing, therefore, which the court could do was to award nominal damages, which it did.

*Exceptions overruled.*