## GOODMAN CRUG vs. BURTON E. GORHAM.

Third Judicial District, New Haven, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff bought four cows of the defendant for $72, paid $10 down, and agreed to pay the remainder when he took the cows, which he promised to do within a week; and a bill for the cows, with credit for the payment, was then made and signed by the parties as a memorandum of the transaction.  *Held :* —

1. That the legal result of the proceeding was an executed sale, the title vesting at once in the plaintiff, who became entitled to possession upon tender of the balance of the purchase price, although such tender was not made until after the expiration of the week.

2. That if the defendant was entitled to a lien for keeping the cows after the week, he waived this right by making no claim therefor, and by making other and inconsistent claims as to his rights, when the plaintiff demanded possession of the cows.

The general rule of damages for the refusal by a vendor to complete the contract of sale by delivery of the goods, is the difference, at the time and place of delivery, between the price the vendee had agreed to pay, and the market price, if greater than the agreed price.

Where there are no special circumstances to take the case out of the general rule, and no allegation of special damages in the complaint, it is error for the court to allow, as a part of the damages, profits expected to be made on a resale of the goods, or from a sale of their products as enhanced by the vendee's labor and expenditures.

Submitted on briefs January 22d—decided March 5th, 1902.

ACTION to recover damages for breach of contract to deliver four cows claimed to have been purchased by the plaintiff, brought to the City Court of New Haven and tried to the court, *Bishop, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court.  *Error, judgment set aside and cause remanded for reassessment of damages.*

The case is sufficiently stated in the opinion.

*Ward Church*, for the appellant (defendant).

*J. Birney Tuttle* and *Simon H. Kugel*, for the appellee (plaintiff).

PRENTICE, J. The plaintiff, a butcher, bought of the defendant, a farmer, four cows for $72. At the time of the purchase the plaintiff paid $10 on account of the purchase price, and agreed to pay the balance when he took the cows. He agreed to take them within a week. A memorandum in the form of an ordinary bill, for four cows at $72 and a credit of $10 cash and showing $62 due, was made out, signed by the parties and delivered to the plaintiff.

Upon these facts, which are all the finding discloses relating to the original transaction, the legal result was an executed sale vesting the title to the cows at once in the plaintiff, with an agreement for delivery *in futuro* upon payment of the balance due upon the purchase price. There are no facts found to show that it was the intention of the parties that the sale should be an executory one, and none upon which, in consonance with recognized rules, such an intention is to be presumed. The court has found that there was a sale. The price was fixed. The subjects of the sale were definite and specified things, and they were ready for delivery. Nothing remained to be done to them by the vendor to put them into deliverable shape, or by anybody to determine the amount to be paid therefor. There was no provision in the agreement of sale whereby the buyer was bound to do anything as a condition, either precedent to or concurrent with the passing of the property. The condition of full payment was made a condition precedent to delivery only. The provision as to date of payment and delivery was not made a condition precedent to either the passing of title or duty to deliver. Accepted principles of law made the transaction, therefore, an executed sale, as the result of which the title to the cows passed at once to the plaintiff. Benjamin on Sales (7th Ed.), § 308 *et seq.; Meade* v. *Smith*, 16 Conn. 346, 361.

Although the title to the cows had passed to the plaintiff, they yet remained in the possession of the vendor. It was agreed that delivery should be in the future and also that it should be conditioned upon full payment. It was further agreed that the cows should be taken within a week. The

plaintiff, once within a week and once later, made unsuccessful attempts through a third party to get the cows. Although counsel have devoted much attention to this feature of the case, we deem it unnecessary to inquire whether these failures were through the plaintiff's or defendant's fault. A time came, about a month after the sale, when the plaintiff went in person to get the cows, and tendered the balance due. His tender and delivery were refused. In this refusal the defendant was plainly wrong. The cows were the plaintiff's. By his tender he satisfied the only condition precedent to his right to have possession.

It is contended, however, that the plaintiff owed the defendant for the keep of the cows after the expiration of the week following the sale, and that the latter had a common-law lien upon them therefor. If we assume this to have been the case, it nevertheless appears that the defendant did not base his refusal to deliver upon his right to such charges, or his lien therefor. He was absolutely silent upon that point and made no demand. He plainly had other views of his rights and was assuming an entirely different and antagonistic position. He must, under the circumstances, by his non-assertion of any rights as lienor, be deemed to have waived the present benefit and protection of any lien that he may have had. Had he made a claim for charges the plaintiff would have possibly appreciated the justness of it and made payment. The plaintiff's silence made no call upon the defendant for a decision. It is too late now to assert the claim to defeat the plaintiff's rights, fixed by the events of the day of demand as they actually occurred. There was no error in a judgment for the plaintiff.

There remains to be considered the second question raised by the appeal, as to the legal propriety of the damages awarded. The action, as we have seen, is one brought by a vendee of personal property in an executed sale, against the vendor retaining possession, to recover damages arising from a breach of contract to deliver the goods upon payment. The aim of the law in giving damages in such case is, as we have heretofore said, to put the injured party, as far as possible, in the

same position that he would have been had the contract been performed. To this end the general rule is the natural one, that " the plaintiff is entitled to recover in damages the difference, at the time and place of delivery, between the price he had agreed to pay and the market price, if greater than the agreed price. Such difference," it is said, " is the normal damage which a vendee suffers in such a case." *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 480 ; *Wells* v. *Abernethy*, 5 id. 222 ; Benjamin on Sales (7th Ed.), 953 *et seq.*

Circumstances, however, might exist which would render the damages assessed upon such a rule inadequate. In such cases the rule is not held to be an inflexible one, but although modified so as to best effectuate, under the circumstances, the purpose which the law seeks to accomplish, the damages which may be recovered, upon whatever basis assessed, are confined to such as result from those circumstances which may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract. *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473 ; *West* v. *Pritchard*, 19 Conn. 212 ; Benjamin on Sales (7th Ed.), 954 *et seq.*

Where special or peculiar damages, not recoverable under the general rule, are sought to be recovered, the complaint must allege them, thereby giving the defendant notice of the claim and an opportunity to meet it. *Parsons* v. *Sutton*, 66 N. Y. 92 ; *Lawrence* v. *Porter*, 63 Fed. Rep. 62 ; *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473.

In the present case the complaint makes no claim for damages other than such as the law would ordinarily give, and no suggestion is made therein, or in the finding, of any fact or facts which, under any recognized principles, would justify the application of any other than the general rule we have stated—unless, indeed, it be the single fact alleged and found, that the vendee at the time of the purchase paid a portion of the purchase price. In *West* v. *Pritchard*, 19 Conn. 212, we held that where a purchaser had paid the price in advance and the goods had risen in value subsequent to the time of delivery, he might, in the event of nondelivery as

agreed, recover their value at the time of trial. The complaint alleges no such advance in price ; the finding discloses none. It is evident, therefore, that the case was not one for the application of the doctrine of *West* v. *Pritchard*, as it also was not for the employment of any other exceptional rule for the assessment of the plaintiff's damages.

The amount for which judgment was rendered, taken in connection with the facts found, shows conclusively that some other than the usual and correct rule was adopted by the court.

The memorandum of decision discloses in detail how the damages were in fact assessed and computed. The court properly allowed the plaintiff the amount which he had paid on account of the purchase price, to which interest might have been properly added, although it was not. The remainder of the judgment, being practically two thirds of the whole, was made up by allowing the sum of $5 for loss of assumed profit on a sale of two of the cows, which sale is somewhat vaguely described as one " to be made," and a sum substantially three times as large, representing the difference between the agreed price of the four cows and the value at retail of the meat of two cows after they had been driven to town, butchered and made ready for the market. This computation of damage which gives the amount awarded is erroneous, both legally and mathematically. The court is in the first place erroneously seeking to award what at best is only purely prospective profits. In the case of the last two named cows these profits are assessed, not upon the basis of the cows on the hoof at the defendant's farm in Hamden, but upon the basis of a comparison of the value of the cows as they stood at the place of delivery and the retail price of their product after the plaintiff's labor, trouble, risk and expense in driving, keeping, slaughtering and preparing for the market, and his expected profit had attached to enhance value. Beyond this, the problem as one in mathematics, upon the basis adopted, is incorrectly worked out. If this mathematical error had not been made the fallacy of the principle adopted would have been most forcibly disclosed.

It would have revealed the manifest absurdity that the plaintiff's damage from this little transaction in which no increase in the value of cows had taken place was, altogether aside from the $10, $55.50, or something like that sum. It would have revealed the astounding result that of this sum, $50.50, or thereabouts, represented the damage for two of the cows alone.

There is error in the assessment of damages; the judgment is set aside and the case remanded for a reassessment of damages.

In this opinion the other judges concurred.