(No. 2355.    Jan. 17, 1920.)

R. W. ROUNSAVALL & CO. v. H. HERSTEIN SEED CO. et al.

### SYLLABUS BY THE COURT

1. Where a contract for the sale of goods provides for their delivery at a designated point f. o. b., and where the title from the seller to the buyer passes, other terms of the contract having been complied with the place so designated is the point of delivery.    P. 628

2. The measure of damages in case the buyer refuses to accept and pay for the goods purchased is the difference be-

tween market value of the goods at the time and place of delivery and the compact price.          P. 628

Appeal from District Court, Union County; Leib, Judge.

Action by R. W. Rounsavall & Co. against the H. Herstein Seed Company and others. Judgment for plaintiff for nominal damages, and it appeals. Affirmed.

O. P. EASTERWOOD, of Clayton, for appellant.

JOSEPH GILL, of Clayton, for appellees.

### OPINION OF THE COURT

ROBERTS, J. Appellant sued appellee for $1,670, for alleged loss of profits on one carload of pinto beans. The beans had been sold to appellee at 15 cents a pound, f. o. b. Trinidad, Colo. The transaction in question was by means of letters and telegrams passing between the parties. On May 12, 1917, appellant was doing business in Lexington, Ky., as a merchandise broker, and wrote appellee at Clayton, N. M., as follows:

"We have your wire quoting 18 cts. on Pintos. Would you be interested in some at 15 cents f. o. b. Trinidad Colo.? Please wire us to this effect."

On May 15th thereafter appellee replied by wire as follows:

"Your letter twelfth we accept one minimum car choice re-cleaned pintos at fifteen cents Trinidad, wire confirmation."

Confirmation by appellant followed.

Appellee refused to take the beans, and appellant sold the carload to some dealers in Kentucky.

Appellant offered no evidence whatever as to the market value of pinto beans in Trinidad, Colo., at the date of the breach of contract and no evidence as to his inability to sell the beans there. The trial court awarded

nominal damages only to appellant because of this failure of proof. Appellant contends, as we understand counsel, that Trinidad, Colo., was not the place of delivery, but simply a point of transit.

[1] We agree with the trial court, however, that under the evidence offered by appellant, Trinidad, Colo., was the point of delivery. Under the contract, title to the carload of beans would pass from the seller to the buyer at Trinidad, Colo. See on the subject of "Passing of Title by Delivery F. O. B.," note to the case of Dentzel, Adm'r, v. Island Park Association, 33 L. R. A. (N. S.) 54.

[2] Appellant argues that the measure of damages was the difference between the sale price and the amount which the plaintiff was able to get for the beans after notice to the appellee of his intention to sell and after exercise of reasonable diligence to sell the beans at the best price obtainable. The general rule is well established that the measure of damages in such a case is the difference between the market value of the goods at the time and place of delivery and the contract price. Tufts v. Bennett, 163 Mass. 398, 40 N. E. 172; Mechem on Sales, §1699.

The trial court rightly awarded appellant only nominal damages, the judgment will be affirmed, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.