Points Decided.

(July 20, 1922.)

## THE O. A. OLIN COMPANY, Appellant, v. H. C. LAMBACH, Respondent.

[209 Pac. 277.]

Sale of Personal Property—Option—Executed Sale—Contract of Sale—Mutuality—Measure of Damages for Breach of—Nominal Damages.

1. Where a seller agrees to sell a definite quantity of a certain article at a fixed price but the buyer does not agree to purchase any definite quantity, there is no contract because of lack of mutuality in the promises.

2. An option contract is one whereby the prospective purchaser obtains, for a consideration, the right of election to purchase the property for a given time.

3. Title to an article sold passes when the contract is made, if the article is identified and nothing remains to be done other than the delivery of the goods and the payment of the price.

4. Where a written agreement contains an offer on the part of the seller to sell a definite quantity of a certain article for a definite price and the word "accepted" signed by the buyer, this constitutes a definite offer and a definite acceptance resulting in a valid contract of sale.

5. The correct measure of damages for refusal of a purchaser to accept and pay for goods under a contract of sale is the difference between the market value and the contract price, except where the article is specially ordered and prepared, is not readily salable on the market, and where a market price cannot readily be fixed.

6. Nominal damages are recoverable for a breach of contract where there is no proof of actual damage.

7. A complaint setting out a breach of a valid contract is a statement of a cause of action for nominal damages, even though there is no allegation of compensatory damages.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Wm. W. Woods, Judge.

Action for damages for breach of contract. Appeal from judgment of dismissal. *Reversed.*

W. H. Hanson and Jas. A. Wayne, for Appellant.

The contract involved in this action was not lacking in mutuality, but embodied a written offer by the plaintiff to sell a definite number of shares of corporate stock at a definite price per share, payable on fixed dates, and upon the written acceptance of such offer by defendant it became a valid and binding contract. (1 Elliott on Contracts, secs. 25, 26, 57; Tiffany on Sales, sec. 15; Benjamin on Sales, secs. 38, 39; *Terry v. International Cotton Co.*, 136 Ga. 187, 70 S. E. 1100; *McGhee Cotton Co. v. Herrine*, 10 Ga. App. 700, 74 S. E. 66; *Howel v. Kinney*, 26 Ga. App. 168, 105 S. E. 716; *J. E. Dunson & Bros. Co. v. J. C. Smith Seed Co.*, 26 Ga. App. 585, 106 S. E. 914; *Lima Locomotive etc. Co. v. National Steel Castings Co.*, 155 Fed. 77, 83 C. C. A. 593, 11 L. R. A., N. S., 113; *Campfield v. Sauer*, 164 Fed. 833, 91 C. C. A. 304; *E. C. Dailey Co. v. Clark Can Co.*, 128 Mich. 591, 87 N. W. 761; *Golden Cycle Min. Co. v. Rapson Coal Min. Co.*, 188 Fed. 179, 112 C. C. A. 95; *Cherry v. Smith*, 3 Humph. (Tenn.) 19, 39 Am. Dec. 150; *Cutting v. Dana*, 25 N. J. Eq., 265; *Dement Bros. Co. v. Coon*, 104 Wash. 603, 177 Pac. 354.)

C. W. Beale, for Respondent.

The agreement exhibited in the original and amended complaints if valid at all is no more than an option granting to respondent the right to purchase certain stock at his pleasure, and is not an agreement of sale and purchase, and does not constitute a sale of the stock to respondent, and is not enforceable against the respondent. (James on Option Contracts, sec. 105; Clark on Contracts, 2d ed., p. 119; *American Cotton Oil Co. v. Kirk*, 68 Fed. 791, 15 C. C. A. 540; *Teipel v. Meyer*, 106 Wis. 41, 81 N. W. 982; *Hoffman v. Maffioli*, 104 Wis. 630, 80 N. W. 1032, 47 L. R. A. 427; *Richardson v. Hardwick*, 106 U. S. 252, 1 Sup. Ct. 213, 27 L. ed. 145; *Smith v. Beebe*, 31 Ida. 469, 174 Pac. 608; *Kessler v. Pruitt*, 14 Ida. 175, 190, 93 Pac. 965.)

McCARTHY, J.—The amended complaint alleges that appellant sold respondent, and respondent purchased from appellant, 96,667 shares of the capital stock of the Old Hickory Mining Company, an Idaho corporation in accordance with a written contract as follows, to wit:

"Copy of Note Agreement to H. C. Lambach, March 6th, 1919.

"We have this date sold to Mr. H. C. Lambach 96,667 shares of Old Hickory Mining Co. stock, under the following terms and conditions:

"That the price of the aforesaid stock shall be Ten Cents per share, and shall be paid for as follows: Twenty-five per cent of the purchase price on or before April 6th, 1919, twenty-five per cent on or before May 6th, 1919, and the balance, fifty per cent, on or before June 6th, 1919.

"It is understood and agreed the stock sold herewith is pooled stock and that deliveries will be made in the form of Pool Certificates in the respective amounts desired as paid for not to exceed the total amount of stock above mentioned.

"THE O. A. OLIN COMPANY,

"By H. H. Ross, Secretary.

"Accepted this 6th day of March, 1919.

"H. C. LAMBACH."

It further alleges that appellant tendered the stock and demanded payments as provided in the contract, and that respondent refused to make the payments or accept the stock. Appellant tenders to respondent a certificate or certificates in such amounts as the latter may desire, and demands judgment for $9,666.70, being the contract price, with interest. A general demurrer having been sustained, and appellant refusing to plead further, judgment was entered dismissing the action. From it this appeal is taken. The principal assignments of error are that the court erred in sustaining the demurrer and dismissing the action.

Respondent contends that the writing sued on is not a valid contract, for lack of mutuality. He cites many au-

85 Idaho—49

thorities holding that where the seller agrees to sell a definite quantity of a certain article at a fixed price, and the buyer does not agree to purchase any definite quantity, but only so much as he may desire from time to time, there is no contract, because of lack of mutuality in the promises. This is in accord with an elementary principle of the law of contracts. Is it applicable to the written agreement in question?

Respondent contends that the writing is a mere option. In an option contract the prospective purchaser obtains, for a consideration, the right of election to purchase the property, for a given time. (James on Option Contracts, sec. 105.) This writing is not an option contract. The only consideration flowing from respondent is a promise. If that promise fulfills the requirements of mutuality a contract of sale results. If it does not, there is no consideration flowing from respondent and no contract at all.

Appellant contends that the writing constitutes a completed sale. The Uniform Sales Act, Sess. Laws '19, chap. 149, not having been adopted in Idaho until after the contract was executed, does not apply in this case. The rule adopted by the majority of modern authorities, and supported by reason, is identical with that embodied in the Sales Act, viz., that the title to an article sold is presumed to pass when the contract is made, if the article is identified, and nothing remains to be done other than the delivery of the goods and the payment of the price. (*Bill v. Fuller,* 146 Cal. 50, 79 Pac. 592; *Crug v. Gorham,* 74 Conn. 541, 51 Atl. 519; *Warner v. Warner,* 30 Ind. App. 578, 66 N. E. 760; *Wing v. Clark,* 24 Me. 366; *Parsons v. Dickinson,* 11 Pick. (Mass.) 352; *Julius Kessler & Co. v. Veio,* 142 Mich. 471, 106 N. W. 73; *Smith v. Wheeler,* 7 Or. 49, 33 Am. Rep. 698; *Ballentine v. Robinson,* 46 Pa. St. 177; Williston on Sales, Sec. 264, p. 359, and other cases there cited.) In this case something remained to be done other than the delivery of the goods and the payment of the price, viz., the designation by the purchaser of the amounts or

denominations of the pool certificates. Therefore title or property did not pass at the time of the agreement and it did not constitute an executed sale. The use of the word "sold" is not conclusive. It is frequently used in agreements which are executory contracts rather than completed sales. (*Frazier v. Simmons,* 139 Mass. 531, 2 N. E. 112; *Mebius & Drescher Co. v. Mills,* 150 Cal. 229, 88 Pac. 917.)

The question remains: Does the agreement constitute a contract of sale? The first part is an offer on appellant's part to sell respondent 96,667 shares of the stock, for ten cents per share, payable twenty-five per cent on or before April 6, 1919, twenty-five per cent on or before May 6, 1919, and the balance on or before June 1, 1919. Then follows this paragraph: "It is understood and agreed the stock sold herewith is pooled stock and that deliveries will be made in the form of Pool Certificates in the respective amounts desired as paid for not to exceed the total amount of stock above mentioned."

Respondent contends that this paragraph means that he shall take only such amount of the 96,667 shares as he desires. The language is not reasonably subject to this construction. It clearly means that respondent shall designate the denominations of the pool certificates which represent the stock. It does not qualify or modify the definite quantity of 96,667 shares which is designated at the beginning as the subject matter of the proposed contract. At the bottom of the contract are the following words: "Accepted this 6th day of March, 1919," signed by respondent. This constitutes a definite acceptance of the definite offer of appellant to sell 96,667 shares on the terms mentioned. There is mutuality in the promises, and the offer and acceptance constitute a valid contract of sale.

In the amended complaint appellant does not allege the market value of the stock at the time respondent refused to accept delivery and make payment. It prays to recover the purchase price. In England and in many of the United States the courts refuse to permit recovery of the purchase

price unless the title has passed, holding that the measure of damages for the breach of a contract of sale by the purchaser, in refusing to accept the property and pay the contract price, is the difference between the contract price and the market value. In other states the courts permit the seller to recover the contract price even though title has not passed, where the purchaser violates his contract by refusing to accept the article and pay for it. (3 Williston on Contracts, secs. 1364, 1365.) Some states adopt the second rule above mentioned in a restricted form, limiting it to cases where the goods contracted for are of a particular kind, not readily salable on the market and for which therefore a market price cannot readily be fixed. (Id., sec. 1367. See, also, note in 51 L. R. A., N. S., pp. 735–760.) This principle is adopted in the Uniform Sales Act, sec. 63. Many of the decisions holding to the first rule do so upon the ground that in no case can the seller recover the purchase price where the contract remains executory, but only where it is executed. We think this distinction is arbitrary and unjust. Any rule of damages adopted should permit the recovery of such damages as may be just. The established rule in actions for breach of contract is that only such damages will be allowed as fairly compensate the injured party for his loss. Applying this rule we conclude that the just measure of damages for refusal of the purchaser to accept and pay for goods under a contract of sale is the difference between the market value and the contract price, except where the article is specially ordered and prepared, is not readily salable on the market and where a market price cannot readily be fixed. Shares of mining stock, the subject matter of the contract in this case, fall within the general rule rather than within the exception.

The amended complaint does not state the market value of the stock at the time of the breach of contract. This is not fatal to the complaint as a statement of a cause of action for breach of contract. Nominal damages are

recoverable for a breach of contract where there is no proof of actual damage. (*Coffin v. State,* 144 Ind. 578, 55 Am. St. 188, 43 N. E. 654; *Baldwin v. Munn,* 2 Wend. (N. Y.) 399, 20 Am. Dec. 627; *Roberts v. Minneapolis Threshing Mach. Co.,* 8 S. D. 579, 59 Am. St. 777, 67 N. W. 607; 1 Sutherland on Damages, 4th ed., sec. 10.) Where no evidence is offered as to the difference between the contract price and the market value, the seller is entitled to nominal damages. (*Tufts v. Bennett,* 163 Mass. 398, 40 N. E. 172; *Backes v. Schlick,* 82 Neb. 289, 117 N. W. 707.) If the seller is entitled to recover nominal damages where he fails to prove compensatory damages, by the same reasoning a complaint setting out a breach of a valid contract is a statement of a cause of action for nominal damages, even though there is no allegation of compensatory damages. It has been held that an appellate court will not reverse a judgment of the trial court for mere failure to allow nominal damages where the issue is merely one of damages, but only where the bringing of the action was necessary in order to protect some continuing right of the plaintiff, which would otherwise be jeopardized. (*Roberts v. Minneapolis Threshing Mach. Co., supra,* and other cases there cited.) This rule is not applicable to a case like the present where the case has not been tried and the pleadings are being settled. In view of this opinion, it may be that plaintiff will change its theory and desire to amend its complaint. We conclude that the complaint states a valid cause of action for breach of contract which, if established, would entitle the appellant to at least nominal damages, and that the court erred in sustaining the demurrer.

The judgment is reversed, with costs to appellant.

Rice, C. J., and Dunn, J., concur.

Petition for rehearing denied.