(May 24, 1923.)

BRADFORD HURT, Appellant, v. H. H. A. BRANDT et al., Respondents.

[215 Pac. 842.]

ANTI-TRUST LAW—THREEFOLD DAMAGES—COMPLAINT—SUFFICIENCY OF.
In an action to recover threefold damages sustained by him for a violation of the anti-trust law, plaintiff must not only allege sufficient facts to show a violation of the law by the defendants, but it must appear that, by reason of such violation of the law by the defendants, plaintiff has been injured in his business or property.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Appeal from a judgment of dismissal. *Affirmed.*

S. T. Schreiber, for Appellant.

Pending the trial of an action, the court has power, upon such terms as may be just, to permit a second amended complaint to be filed, which embodies substantially the same allegations as the original complaint. (*Riverside Land Co. v. Jensen,* 73 Cal. 550, 15 Pac. 131.)

Where the facts stated in the complaint constitute a sufficient cause of action, other unnecessary matter may be stricken, but an entire pleading cannot be stricken out as irrelevant or redundant. (*Benedict v. Dake,* 6 How. Pr. (N. Y.) 352; *Jackson v. Lebar,* 53 Cal. 255.)

C. S., secs. 2531 and 2532, describe the scope of the act, and this action being for damages to the plaintiff by reason of the violation of the act by the defendant, it is only necessary to support an action under the act that complainant's business or property has in some way been injured by reason of defendant's illegal scheme. (*Monarch Tobacco Co. v. American Tobacco Co.,* 165 Fed. 774.)

Plaintiff must be given liberal latitude under the act. (*Ware Kreamer Tobacco Co. v. American Tobacco Co.,* 178 Fed. 117; *Buckeye Powder Co. v. Dupont Powder Co.,* 196 Fed. 514.)

The contracts, combinations, etc., in restraint of trade or commerce which are declared to be illegal by the act, include all contracts, etc., operating to restrain trade or commerce whether legal or illegal at common law or whether the restraint is reasonable or unreasonable. (*United States v. Trans-Missouri F. Assn.,* 166 U. S. 290, 17 Sup. Ct. 540, 41 L. ed. 1007, and note; *United States v. United States Steel Co.,* 223 Fed. 55.)

The system and scheme established and put in force by the defendants controlled the entire issue of stock in the Monumental Mercury Mining Company, and is necessarily a general restraint of trade in the stock of said corporation and therefore illegal. (*Oliver v. Gidmore,* 52 Fed. 562; *Miles*

*Medical Co. v. John Parks & Son,* 220 U. S. 373, 31 Sup. Ct. 376, 55 L. ed. 502.)

The second amended complaint stated a cause of action under the law and the court had no right to strike it from the files by reason of any pleading, motion or suggestions made by the respondents. They not having filed a demurrer, the complaint to be bad must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, it will be sustained. (21 R. C. L. 466.)

S. L. Tipton and Gustave Kroeger, for Respondents.

The pooling of stock is not unlawful. (*Weber v. Della Mountain Mining Co.,* 14 Ida. 404, 94 Pac. 441.)

Under the anti-trust act it is not sufficient to frame the declaration in the words of the statute, but it is essential that the substance of the contract in restraint of trade or the substantial facts which constitute the attempt to monopolize should be set forth therein. (*Cilley v. United Shoe Machine Co.,* 152 Fed. 726.)

Under the statute, in order to recover damages, a plaintiff must have been injured in his person or property and the injury sustained must be charged in the complaint by proper averment. (*Meeker v. Lehigh Valley R. Co.,* 162 Fed. 354; *Rice v. Standard Oil Co.,* 134 Fed. 464; *Chattanooga Foundry & Pipe Works v. Atlanta,* 203 U. S. 390, 27 Sup. Ct. 65, 51 L. ed. 241.)

WM. E. LEE, J.—This action was commenced in the district court for Ada county, in December, 1920. Plaintiff alleged conversion of certain mining stock, and also attempted to allege certain violations of the state anti-trust law. (C. S., c. 116.) The allegations concerning the alleged violation of the anti-trust law were so mingled with the allegations regarding conversion as to make it very difficult to separate them. Respondents filed a general demurrer and motion to require appellant to separately state his causes of action. The court overruled the demurrer and motion, but

indicated that a proper motion should be filed. Thereafter, respondents served and filed a motion to strike from the complaint the matters relating to the alleged violation of the anti-trust law. Appellant served and filed a motion to strike respondents' motion to strike, which motion was denied; the court sustained respondent's motion to strike, and gave appellant certain time within which to file an amended complaint. Appellant thereafter served and filed a motion "for rehearing of motion to strike certain allegations from the complaint." This motion was denied. Appellant thereafter filed his first amended complaint. The first amended complaint contains a substantial restatement of the allegations of the original complaint, stated in somewhat different order and in somewhat different language.

To the first amended complaint, respondents interposed a general demurrer and a motion to strike a paragraph relating to the alleged violations of the anti-trust law which had been ordered stricken from the original complaint. The court again ordered said paragraph stricken, and further ordered the entire amended complaint stricken "unless the plaintiff, within five days, filed an amended complaint in harmony with the former ruling of the court." Thereafter, appellant filed a second amended complaint. This was almost word for word a copy of the first amended complaint. Respondents thereupon moved that the second amended complaint be stricken, and that the action be dismissed "on the ground that the second amended complaint is not in accordance with the ruling of the court." The court sustained the motion to strike the second amended complaint and denied the motion to dismiss the action. The plaintiff, thereafter, refusing to plead further, judgment of dismissal was entered.

From the judgment of dismissal, the plaintiff has appealed to this court, and assigns as error the striking of the complaint and the dismissal of the action.

The court was not justified in striking the second amended complaint if it stated a cause of action. And since the motion to strike was directed at the entire pleading, rather

than specified parts thereof, inasmuch as appellant bases his whole argument on the theory that the complaint states a cause of action, the motion to strike the second amended complaint will be considered in the nature of a general demurrer. Appellant was attempting in his three complaints to state a cause of action for treble damages for a violation by respondents of the anti-trust law; and, if the second amended complaint stated a cause of action, it was for the violation of that law. Appellant, in his brief, repudiates any suggestion that his cause of action was in conversion. In his brief he says:

"It is very patent that the defendants-respondents were aiming, by their motions to strike, to disarm plaintiff-appellant, of his real cause of action, and the gist of his entire case. It may be urged as it was in the court below, that it is the conversion of the stock that appellant is contending for—this is not the cause here. That was the cause in the suit against the corporation, but this is decidedly different."

The question for our determination, therefore, is whether appellant has alleged sufficient facts, in the first place, to show a violation of C. S., sec. 2531; and, in the second place, to show that he has been injured in his business or property on account of any act declared illegal in said section 2531.

Among other things, chapter 116 of the Compiled Statutes provides:

"Sec. 2531: Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, within this state, is hereby declared illegal. . . . ."

"Sec. 2544: Any person who shall be injured in his business or property by any other person or persons by reason of anything forbidden or declared to be unlawful by this chapter may sue therefor . . . . and shall recover threefold the damages by him sustained and the costs of suit, including a reasonable attorney's fee."

The following is a brief summary of the second amended complaint, hereafter referred to as the complaint:

That plaintiff was engaged in the business of mining; that he, together with the defendants, became the owners of an interest in a mining property; that they organized a corporation that took over the ownership of the property, that each of the incorporators was entitled, under their agreement, to certain shares of stock, plaintiff being entitled to 60,000 shares; that, for the purpose of defrauding plaintiff and injuring him in his business, defendants conspired, etc., to and did violate the anti-trust law of this state, by entering into a pooling agreement, pooling the stock of the company, including that belonging to plaintiff without his knowledge or consent; that defendants issued and distributed printed matter, made fictitious prices, and deceived the public; that they prevented plaintiff from engaging in trade and selling his stock, to his loss and damage in the sum of $5,170, the par and market value of his stock; and that plaintiff was prevented from selling his stock in the open market. Plaintiff claims that he was further damaged in a sum of "over $400 resulting from his failure to deliver stock he had contracted to sell and because of the expenditure of sums of money in his efforts to procure the stock for delivery to his purchasers."

Plaintiff did not allege the things forbidden and declared by said section 2531 to be unlawful. He alleged the ultimate conclusions. The allegations are of the most general character. For instance: "That the defendants . . . . the exact time unknown to plaintiff, acting in concert together jointly contriving, conspiring and confederating to do an unlawful act, consisting of a violation of the law and statute so made and provided in the state of Idaho and for the purpose of defrauding the plaintiff and injuring him in his business entered into a pooling agreement, pooling certain stock of said mining corporation . . . . and including the stock of plaintiff without his knowledge or consent, but of which defendants were in full and absolute control. . . . . " The foregoing is a fair sample of the material allegations. Under our very liberal rules of pleading, the complaint is too indefinite. It is clearly insufficient.

It is settled in this state by statute that a complaint shall contain a statement of the facts constituting the cause of action in ordinary and concise language. In other words, the plaintiff should set forth his cause of action by alleging the facts as distinguished from alleging mere conclusions. As tested by the foregoing, it is apparent that the complaint consists of conclusions instead of facts. Nothing is alleged in ordinary and concise language. The allegations do not apprise respondents of what they are charged with having done; and they would not be expected to know what proof they would have to meet.

The federal courts have frequently passed upon the question of the sufficiency of a complaint under the federal anti-trust law, which is practically identical with the foregoing quoted portions of our anti-trust law. As tested by such federal decisions, the complaint is manifestly insufficient.

In the case of *Buckeye Powder Co. v. Dupont Powder Co.,* 196 Fed. 514, it is said:

"In the pleading, plaintiff must declare the forbidden acts and consequent injuries in such clear and unambiguous language, and with such reasonable certainty, that the defendants and the court may be apprised of the alleged cause of action, that it may be known by the former how to answer and prepare for trial, and by the latter what is the nature of the issue, and, if it be one of fact, to control the character of the proofs offered at the trial, and to pronounce and enforce a judgment that will settle the rights involved in such issues."

In *Cilley v. United Shoe Mach. Co.,* 152 Fed. 726, it is said:

"Under the act of July 2, 1890, it is not sufficient to frame the declaration in the words of the statute. The statute does not set forth the elements of the offenses which are forbidden; and, further, there may be contracts in restraint of trade between the states or with foreign countries, and attempts to monopolize such trade or commerce, which are not within the statute. These circumstances make it im-

perative that the substance of the contracts in restraint of trade, or the substantial facts which constitute the attempt to monopolize, should be set forth in the declaration.

"These principles are well settled by the authorities."

"The petition or declaration in an action for threefold damages need not state the facts showing a right of action with all the fullness and particularity required in an indictment, but the sufficiency of such pleading must be tested by the local practice obtaining in civil actions. It must, however, describe with definiteness and certainty the alleged combination or conspiracy entered into by the defendant, and the acts done in pursuance thereof, which resulted in damage to the business or property of the plaintiff. It is not sufficient to frame the declaration in the words of the statute, but the substance of the contracts in restraint of trade, or the substantial facts which constitute the attempt to monopoly, must be set forth." (19 R. C. L., p. 87.)

In such an action, under the anti-trust law of this state, it is necessary that plaintiff not only allege sufficient facts to show a violation of the law by the defendants, but it must also appear that, *by reason of such violation of the law by the defendants,* plaintiff has been injured in his business or property. It is not sufficient to allege facts showing a mere injury to his business or property by the defendants, but it must appear from the complaint that plaintiff *was injured in his business or property by reason of the violation of the law by the defendants.* From the complaint, we gather that upon the creation of the corporation plaintiff became and was "entitled to the immediate delivery of the 60,000 shares . . . . " The defendants did not deliver the stock to him, but, in the language of the plaintiff, they "entered into a pooling agreement and combination, pooling certain stock of said mining corporation . . . . and including said stock of plaintiff without his knowledge or consent . . . . ," and plaintiff says he "had expended and been compelled to pay out "upward of $400 in his efforts to procure the stock . . . . ," etc.

According to the complaint, if plaintiff was damaged, it was not because defendants violated the provision of the anti-trust law, but it was because defendants had plaintiff's stock and would not let him have it. They took plaintiff's stock, exercised a certain dominion and control over it, which, according to the complaint, was both wrongful and illegal, but which did not constitute a violation of the anti-trust law. It was not the pooling that injured plaintiff; it was the taking of the stock into defendants' control and their failure to deliver it to plaintiff that injured him. (*Noyes v. Parsons,* 245 Fed. 689, 158 C. C. A. 91.)

On page 21 of appellant's brief appears the following: *"It cannot be questioned that appellant was injured when his property was absolutely and deliberately taken by respondents."* If appellant has suffered an injury, it arose from the *"taking"* of *"his property."* But the *"taking,"* referred to by appellant, is not prohibited or declared unlawful by the anti-trust law. The following is made illegal by that law: "Every contract, combination in the form of a trust or otherwise, or conspiracy is restraint of trade or commerce, within this state . . . ." (C. S., sec. 2531.)

Plaintiff's complaint is not only too indefinite and uncertain to comply with our very liberal rules of pleading, but his complaint is insufficient in that it is not alleged that he was "injured in his business or property by any other person or persons (the defendants) by reason of anything forbidden or declared to be unlawful by" the anti-trust law of this state.

Judgment affirmed. Costs to respondents.

Budge, C. J., and Dunn, J., concur.