## Hendrix Mill & Lumber Company et al. v. Meador et al.

(Decided April 16, 1929.)

J. D. VIA and L. JERRE COOPER for appellants.

BENNETT, ROBBINS & SMITH for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellees owned 306.5 acres of land in Hickman county covered with merchantable timber. In January, 1927, they executed to Ben Allen an option on the timber, agreeing to convey it to him, or his assignee, if the option was exercised within 30 days from its date. The consideration to be paid was $60,000.

Four days later Ben Allen assigned the option to the appellant Hendrix Mill & Lumber Company. The assignment was by written contract, in which it was recited that Allen held an option on the timber which could be exercised by the payment of $60,000 in the manner provided in the option, and the other terms of the option agreement were recited in the contract between Allen and the appellant Hendrix Mill & Lumber Company. The third paragraph in the contract between Allen and the lumber company is in this language: "It is also expressly understood and agreed that the taxes for the calendar year, 1927, and thereafter on such

timber shall be paid by the parties of the second part. It is also agreed and understood that the grantors in the options attached hereto will execute and deliver on completion of such sale warranty deed, or deeds, to the parties of the second part, their successors, legal representatives, or assigns.''

The sole controversy is over the payment of taxes on the timber for the calendar year 1927. There is no disagreement over the amount. The lumber company refused to pay the taxes, and the appellees, owners of the land and sellers of the timber, paid the taxes and instituted suit against the appellants lumber company and its president, who also signed the contract, for the recovery of the amount so paid.

The Hendrix Mill & Lumber Company and B. L. Hendrix, who signed the contract with it, and who was a party defendant, defended on the ground that, notwithstanding the execution of the contract by it to Allen, wherein it agreed to pay the taxes for 1927, it was not bound to pay the taxes to the appellees, and that it never agreed to do so. The making of the contract and the terms thereof are admitted. They admit the agreement to pay the taxes, but they plead that, at the time of the consummation of the trade, the appellees were indebted to a bank in the sum of about $50,000, and that, after paying the $30,000 in cash, which was to be paid by them in accordance with the terms of the option agreement, the lumber company executed its note for the remaining $30,000, which the bank agreed to accept in payment on the note which appellees were owing to the bank. It was for the benefit of the bank, so it is alleged, that the agreement was embodied in the contract to pay the taxes for the year 1927. All indebtedness to the bank was discharged before the taxes for that year became due; therefore the lumber company claims that it was under no obligation to protect the bank by the payment of the taxes, and that its obligation was fully satisfied, and it could not be held responsible to appellees for the amount of the taxes.

The contract itself has no provision that the payment of the taxes for the year was for the benefit of the bank, and there is no plea of mistake or fraud in the execution of the contract, and it is not sought to reform it. It must stand, therefore, and be interpreted, as written.

The trial court peremptorily instructed the jury to return a verdict for the appellees, and this ruling on the

part of the court is the basis of the grounds relied on for reversal.

The proof clearly established that it was orally agreed, at the time of the execution of the option by appellees to Allen, that Allen would pay the taxes for the year 1927. It was not so stated in the option agreement. There is a conflict in the evidence as to whether the lumber company knew of such agreement on the part of Allen at the time he assigned the option to it. The lumber company claims that it knew nothing of such agreement, but the appellees produced proof tending to show that the lumber company was aware of the agreement, and it was because of that agreement that the provision relating to the payment of the taxes was inserted in the contract between Allen and the lumber company. If that were the only question for consideration, it would be necessary to reverse the cause, with directions to submit the issue to a jury, but we are not advised why the lower court sustained the motion for a peremptory. However, if the ruling was correct, the judgment should be affirmed whether the lower court gave one reason or another for sustaining the motion for a directed verdict.

If the provision relating to the payment of taxes in the contract between Allen and the lumber company was for the benefit of appellees, and they were vested with the right to institute suit against the lumber company to recover the taxes, the ruling of the lower court was correct, notwithstanding the conflict in evidence over the question of knowledge on the part of the lumber company at the time the contract was executed. It is not in every case that a person other than the promisee or promisor may maintain a suit on the promise. It depends upon the particular facts and circumstances whether a third person, not a party to the contract, may maintain a suit as a beneficiary under the contract. Third persons beneficiaries under a contract, although not parties to it, may be divided into three classes: (1) Such person is a donee beneficiary if the purpose of the promisee in obtaining the promise of all, or part of the performance thereof, is to make a gift to the beneficiary, or to confer upon him a right against the promisor to some performance neither due or asserted to be due from the promisee to the beneficiary; (2) such person is a creditor beneficiary if no intention to make a gift appears from the terms of the promise, and performance of the promise will satisfy an actual or asserted duty of the prom-

isee to the beneficiary; (3) such person is an incidental beneficiary if the benefits to him are merely incidental to the performance of the promise and if he is neither a donee beneficiary nor a creditor beneficiary.

In this case the lumber company, the promisor, agreed with Allen, the promisee, that it would pay the taxes for the year 1927, and, as the taxes otherwise would be paid by the appellees, they were the beneficiaries of the promise made by the lumber company. It was the supposed or asserted duty of Allen to pay the taxes for the appellees, and, taking into consideration all of the facts, and in view of the surrounding circumstances, it is clear that appellees were creditor beneficiaries.

Section 133, Restatement of the Law of Contracts by the American Law Institute, thus states the law:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, (a) a donee beneficiary if it appears from the terms of the promise in view of the surrounding circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary; (b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the surrounding circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds; (c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist.

"(2) Such a promise as is described in subsection (1a) is a gift promise. Such a promise as is described in subsection (1b) is a promise to discharge the promisee's duty."

A promise to discharge a duty creates a duty both to the creditor beneficiary and to the promisee. The promise on the part of the promisor to discharge a duty

imposed upon the promisee creates a duty of the promisor to the creditor beneficiary to perform the promise. Section 136 of the book last quoted from is as follows:

"A Promise to Discharge a Duty Creates a Duty Both to the Creditor Beneficiary and to the Promisee. Extent of These Duties.

"(1) Except as stated in Sections 140 and 143, (a) a promise to discharge the promisee's duty creates a duty of the promisor to the creditor beneficiary to perform the promise; (b) a promise to discharge the promisee's duty creates also a duty to the promisee; (c) whole or partial satisfaction of the promisor's duty to the creditor beneficiary satisfies to that extent the promisor's duty to the promisee; (d) whole or partial satisfaction of the promisor's duty to the promisee in any other way than by rendering the promised performance in whole or in part does not limit the promisor's duty to the creditor beneficiary.

"(2) Whether the extent of the promisor's duty to the creditor beneficiary is measured by the promisee's actual, supposed, or asserted duty to the beneficiary at the time of the making of the contract, or at some other time, depends upon the interpretation of the promise."

Under that authority, as we interpret the promise, it was the duty of the promisor to satisfy the taxes for the year 1927 at the time of the making of the contract, and that duty was at the time asserted by the appellees against Allen.

In such a state of case a creditor beneficiary can get judgment against both promisee and promisor but only one satisfaction. He may obtain judgment against either. Again quoting section 141 of the book above quoted from, we find the law stated as follows:

"Section 141. A Creditor Beneficiary Can Get Judgment Against Both Promisee and Promisor, But Only One Satisfaction. Whatever the Promisee Pays He May Recover from the Promisor.

"(1) A creditor beneficiary who has an enforceable claim against the promisee can get judgment against either the promisee or the promisor or against each of them on their respective duties to him. Satisfaction in whole or in part of either of

these duties, or of judgments thereon, satisfies to that extent the other duty or judgment.

"(2) To the extent that a creditor beneficiary satisfies his claim from assets of the promisee without resorting to the promisor's contract the promisee has a right of reimbursement from the promisor, which may be enforced directly and also, if the creditor beneficiary's claim is fully satisfied by subrogation to the claim of the creditor beneficiary against the promisor, and to any judgment thereon and to any security therefor of the promisor."

As the lumber company made an unconditional promise to Allen to pay the taxes for the year 1927, and Allen was under the duty to pay the taxes for the beneficiaries, the appellees, it follows that the appellees, as creditor beneficiaries, were entitled to maintain this suit on that unconditional promise. This being true, it follows that they were entitled to judgment against the lumber company.

Judgment affirmed.