[S. F. No. 15305.   In Bank.—September 20, 1935.]

ROBERT QUINN, Respondent, v. SELMA J. MATHIASSEN, Defendant and Appellant; J. JOHNSON, Intervener and Appellant.

J. J. Rose for Defendant and Appellant.

H. F. Edson for Intervener and Appellant.

J. A. Kennedy and Raymond Salisbury for Respondent.

SEAWELL, J.—This action was commenced by plaintiff in the Superior Court of the County of Alameda, to recover from defendant Selma J. Mathiassen, trust creator, possession of the real property herein described, which was bid in by plaintiff at a sale had under a trust deed, the title to which was perfected in his name. J. Johnson intervened, claiming ownership and the right of possession, as the grantee of trust creator Mathiassen.

Section 1161a of the Code of Civil Procedure provides that where "property has been duly sold in accordance with section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him [creator of trust holding over] or a person under whom he claims, and the title under the sale has been duly perfected", the purchaser thereof may remove such person who holds over and continues in possession after a three-day written notice to quit the same shall have been served upon him, and after like service upon subtenant if there be one, as prescribed in section 1162 of the Code of Civil Procedure.

The pertinent portions of the above-cited code section constitute the basis of the judgment from which the appeal herein is taken by defendant Selma J. Mathiassen and intervener J. Johnson. Selma J. Mathiassen executed her promissory note in the sum of $7,500 to Margaret Carr Quinn, plaintiff's assignor, secured by a deed of trust of the real property described in the complaint herein as security for the performance of her obligations, as in said trust deed contained. Admitted breaches of said obligations placed her in default and said real property was sold under the power of sale contained in said trust deed, and the title thereto passed to plaintiff by virtue of said sale. After notice of intention to sell said real estate had been regularly given by plaintiff, assignee of said promissory note and deed of trust, and six days prior to the sale date, defendant Mathiassen executed a purported grant, bargain and sale deed to intervener Johnson. This deed was recorded at the request of Johnson on the very day the sale took place, at the hour of 9:44 o'clock A. M. The claim of intervener Johnson was effectively disposed of by the trial court, which found that the Johnson deed was recorded sixteen minutes prior to said sale, and that Johnson was not the owner of said real property at the time of said sale, and that

he was not entitled to, nor had he ever been in the lawful or peaceful possession of the same. That the execution of the Johnson deed was but a mere pretense at a transfer is amply sustained by the facts and circumstances of the transaction itself. Johnson did not appear at the trial and no attempt was made to account for his absence. The trial court very properly mistrusted the *bona fides* of the alleged transfer.

Defendant and intervener seem to rest their appeal almost entirely upon the alleged insufficiency of the complaint to state a cause of action, and their attack is both by general and special demurrer. Appellants' joint opening brief consists of less than five printed pages, and the closing brief less than seven pages. The statement of questions involved is set forth as follows:

"First: A complaint which does not state facts to constitute a cause of action raises no *issues,* and a judgment for plaintiff must be set aside.

"Second: A judgment based upon evidence of matters *not* within the issues raised by the complaint should be reversed."

The above statement amounts to nothing more than a statement of legal maxims. Appellants seem to take the position that each successive step taken in the sale proceedings should have been pleaded in full. The complaint is phrased largely in the language of the sections of the code under which the action is brought. Ordinarily it is sufficient to frame a pleading in the language of the statute germane to the action. It is true that the complaint is not as full or specific or as descriptive in its references, as it may well have been. Nevertheless, neither the defendant nor the intervener seems to have had the slightest doubt as to the nature of the action or the kind of relief sought by it. The promissory note, deed of trust and assignment thereof, notice of intention to sell, and every proceeding necessary to perfect title appear as exhibits in the case. The evidence further amplifies the transaction, and fully supports the findings and judgment. It was not necessary to set forth the note or trust deed *in haec verba.*

The fact is that both defendant and intervener admit the execution of said deed of trust and set up a defense thereto by way of avoidance. They were not, therefore, misled in any respect. Appellants specifically urge as an objection to the complaint that it contains the allegation that defendant Selma J. Mathiassen "did make, execute and deliver

to the plaintiff a certain note and trust deed conveying the real property therein described'', and contend that the word *note* is not the equivalent of *promissory note*. They cite Webster as giving fifteen different definitions of the word note. "Words and phrases are construed according to the context and the approved usage of the language; . . . " (Sec. 16, Code Civ. Proc.) The application of this section alone to the context in which the word is a part completely destroys appellants' contention. But if this is not sufficient, section 3266 of the Civil Code, under the title of negotiable instruments, sets the matter at rest. It reads: "In this title, unless the context otherwise requires—. . . 'Bill' means bill of exchange, and 'note' means negotiable promissory note."

Appellants make the further objection that the real property was not sold to the highest bidder. It seems that during the bidding there appeared a man giving the name of Street whom no one knew, and who did not give any information concerning his financial rating, or exhibit any evidence of his solvency. A bid of $5,000 had been made by Mr. Quinn, and the stranger without any higher bid being made raised the bid to $6,000. Upon hurried information being sought as to who Mr. Street was, and with no inclination on his part to inform the auctioneer as to his ability to pay in cash, he was passed by as an irresponsible person, and not a *bona fide* bidder. No attempt was made at the trial to establish his financial responsibility. His bid was ignored.

We have read the transcript in the case and find no merit in this appeal. There may be grounds for some of the technical objections made to the complaint, but as to the cause upon its merits, neither the defendant nor the intervener has shown color of right of possession.

Judgment affirmed.

Waste, C. J., Shenk, J., Thompson, J., and Langdon, J., concurred.