## W. D. ANDERSON & SONS et al.
v.
## SAMEDAN OIL CORP. et al.
No. 14593.

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1954.

Rehearing Denied April 1, 1954.

William L. Kerr, Raymond A. Lynch, Midland, Tex., Turpin, Kerr & Smith, Midland, Tex., of counsel, for appellants.

George N. Otey, James E. Thompson, Ardmore, Okl., Henry G. Russell, Pecos, Tex., Otey, Johnson & Evans, Ardmore, Okl., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal presents for review the construction and operation of a written contract for services. The contract between the appellees, Samedan Oil Corporation, hereinafter called Samedan, and the appellants, W. D. Anderson & Sons, hereinafter called the Andersons, provided for participation by the Andersons in the purchase of properties acquired by Samedan, its partners or associates, upon the recommendation of the Andersons. During the life of the contract and upon the recommendation of the Andersons, Samedan purchased and acquired from one Bradford and wife certain oil and gas leases in Crane County, Texas, subject to a reserve oil payment in favor of the Bradfords which oil payment was, on the same date and as a part of the same transaction, sold and conveyed by the Bradfords to the Samuel Roberts Noble Foundation, hereinafter called the Foundation. The Foundation was the controlling stockholder in Samedan, and the district court held that the Foundation was an associate of Samedan in the transaction.

The Andersons refused to participate in that portion of the acquisition taken

by the Foundation and asserted the right to participate in that portion only of the purchase which was acquired by Samedan. This suit was brought by Samedan and the Foundation to require the Andersons to participate in both portions if they wished to participate in either, and, if they did not, then to quiet the titles of Samedan and the Foundation as against all claims of the Andersons. The Andersons answered and by counterclaim asserted their claimed right to participate in Samedan's purchase only.

Trial was to the court and judgment was rendered sustaining Samedan's and the Foundation's interpretation of the agreement, and, the Andersons refusing to participate in the Foundation's purchase, the titles of Samedan and the Foundation were quieted as prayed.

Under the terms of the contract for services, Samedan retained the Andersons as petroleum geologists, the Andersons to receive a cash monthly retainer plus the additional right to participate in purchases made upon their recommendation. The case turns upon the provisions regarding such participation with special emphasis on the two sentences in the first paragraph of such provisions. Those provisions read as follows:

"Participation And Acquisitions

"Andersons shall be entitled to purchase for their own account not less than 6.25 per cent nor more than 18.75 per cent of all oil and gas leases, royalty interests, or other mineral interests acquired by Samedan, its partners or associates upon the recommendation of Andersons. Such participation by Andersons shall be in each and every property acquired by Samedan as and when acquired, and subject to the provisions of Article V, shall be paid for by Andersons at the time of acquisition.

"Within the limits above set out Andersons may change their percentage of participation as herein provided, and effective with May 1, 1950, such participation shall be at the rate of 12.5 per cent and shall continue at 12.5 per cent until Andersons shall notify Samedan in writing of their intention to participate at a different percentage rate. In the event of change in the percentage rate of participation within the limits, as hereinbefore set out, participation at such new percentage rate shall continue until Andersons shall notify Samedan in writing of a different percentage rate of participation.

"During the effective period of this contract Andersons shall not acquire leases, royalty interests, or other mineral interests for their own account, except as herein provided; and in the event Andersons shall recommend acquisitions which Samedan does not acquire but which Samedan may refer to other persons and receive a commission therefor, Andersons shall be entitled to participate in such commissions at the same percentage rate at which they participate in other acquisitions. In like manner, should Samedan receive compensation from partners, associates, or persons with whom Samedan contracts for specific services performed by Andersons, Andersons shall receive their participating percentage of such compensation."

While the permissible range of participation was from 6.25 per cent to 18.75 per cent, such participation was to be at the specific rate of 12.5 per cent unless changed by written notice, and no such change was made. Article V referred to in the quoted provisions provided that Samedan should extend credit to the Andersons to the extent of $100,000.00 for use by the Andersons in paying for their participating share of acquisitions or for their share of development or operation expense in connection with properties in which they acquired an interest under the agreement.

Substituting the agreed percentage of participation and with emphasis supplied, the first paragraph of the pertinent provision reads:

Andersons shall be *entitled* to purchase for their own account 12.5 per cent of all oil gas leases, royalty interests, or other mineral interests acquired by Samedan, its partners or associates upon the recommendation of Andersons. Such participation by Andersons *shall be* in each and every property acquired by Samedan as and when acquired, and subject to the provisions of Article V, shall be paid for by Andersons at the time of acquisition.

Samedan and the Foundation contend that the second sentence of the foregoing paragraph should in effect be read as follows:

Such participation by Andersons shall be in each and every property acquired by Samedan, *its partners and associates,* as and when acquired, and subject to the provisions of Article V shall be paid for by Andersons at the time of acquisition.

 We do not agree that the italicized words should be read into the contract. The contract for services was between Samedan and the Andersons, and the Foundation was not a party to that contract. The controlling rule of construction, we think, has been well expressed by the Texas Supreme Court as follows:

"* * * the presumption is that parties contract only for themselves, and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003; 12 Am.Jur. 833, Sec. 281, 17 C.J.S., Contracts, § 519, p. 1131."

Knox v. Ball, 144 Tex. 402, 191 S.W. 2d 17, 21, 164 A.L.R. 1453; see also, Sachs v. Ohio National Life Insurance Co., 7 Cir., 148 F.2d 128, 131, 158 A.L.R. 688. The plain language of the contract, we think, gives to the Andersons the option or privilege to participate in all purchases made upon their recommendation either by Samedan or by its partners or associates, but requires such participation, if exercised, to be in the entire acquisition of Samedan only. Other than granting to the Andersons such option or privilege, dealings between the Andersons and Samedan's partners or associates were no affair of Samedan, and Samedan did not undertake to require them to deal or to prescribe the terms of any contract between them.

The judgment is, therefore, reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.