316 P.2d 256

Garland J. JONES, Plaintiff-Appellant,

v.

BETTER HOMES, Inc., a Corporation,
Defendant-Respondent.

No. 8476.

Supreme Court of Idaho.

Oct. 3, 1957.

W. B. Bowler, Boise, for appellant.

Randall Wallis, J. Charles Blanton, Boise, for respondent.

in Ada County District Court case No. 25607, Kay K. Harrison, plaintiff, obtained judgment December 15, 1954, for $722.27 against appellant Garland J. Jones (also known as Garland Jones), Clyde Jones, R. L. Jones (also known as Allen L. Jones) and Addie Mae Jones (also known as Addie M. Jones), doing business as Boise Speedway, defendants; that the judgment became a lien upon Lots 9 and 10 of Brookside Place in Ada County, Idaho; that on March 14, 1955, Allen L. and Addie M. Jones, husband and wife, sold said real property and delivered their warranty deed therefor to respondent; that as part of the purchase price respondent, acting through its agent and secretary, orally agreed to pay the Harrison judgment, then a lien upon the real property, which agreement had not been rescinded; that respondent having failed to pay the judgment as agreed, the sheriff, acting under a writ of execution in said case of Harrison v. Jones, levied upon moneys of appellant on deposit in a bank; that the bank, July 30, 1955, paid over to the sheriff the amount of the judgment of $722.27, plus interest and costs of $49.28, a total of $771.55, from plaintiff's moneys; that the sheriff paid the same to the account of Harrison, the judgment creditor, and returned the writ satisfied; that thereupon the judgment was caused to be shown satisfied of record; that, by reason of respondent's breach of its agreement to pay the Harrison judgment, appellant sustained the loss of $771.55, special damage, and $5,000

McQUADE, Justice.

Appellant, in his amended complaint directed against respondent, alleges: That

general damage for impairment of credit and injury to the business, for which he prays judgment.

January 13, 1956, respondent generally and specially demurred to the amended complaint and moved to strike certain portions thereof. March 2, 1956, the trial court sustained in part and denied in part the motion to strike and the demurrer.

Appellant refused to amend within the time the trial court allowed him so to do. The trial court thereupon, March 15, 1956, entered judgment of dismissal of said action with prejudice, from which appellant perfected an appeal.

■ Paragraph one of the defendant's demurrer which was sustained by the trial court is two-fold. It is impossible to ascertain upon which ground the Court based the order sustaining the demurrer, therefore, the order of the trial judge will be construed as sustaining the demurrer on both grounds, to wit: The complaint failed to allege facts to bring the plaintiff within an actionable third party beneficiary theory, and secondly, the action violated the Statute of Frauds by requiring a person to answer for the debt of another by way of an oral promise.

The trial court also sustained paragraph three of the defendant's demurrer to paragraph five of the amended complaint on the grounds and for the reasons that the amended complaint is uncertain, ambiguous and unintelligible in that it cannot be ascertained how plaintiff was inconvenienced, how his credit was impaired and his business injured, or why it was impossible for him to pay his obligations.

The trial court struck out the allegation setting up the third party beneficiary and the allegation that damages to credit and business were compensable by the defendant's failure to perform under the terms of the contract.

■ The amended complaint alleges the making of an executory contract expressly for the benefit of the judgment debtors, including the plaintiff, and further recites the contract has not been rescinded, but has been fully performed on the part of the grantors. The appellant couched the allegations of his complaint in the language of the statute, and this manner of pleading has been construed as sufficient to inform the defendant of the issues and the relief sought. California announces this principle clearly and forcefully in Quinn v. Mathiassen, 4 Cal.2d 329, 49 P.2d 284, at page 285:

"* * * The complaint is phrased largely in the language of the sections of the Code under which the action is brought. Ordinarily, it is sufficient to frame a pleading in the language of the statute germane to the action. It is true that the complaint is not as full or specific or as descriptive in its references as it may well have been. Nevertheless, neither the defendant nor the intervener seems to have had the

slightest doubt as to the nature of the action or the kind of relief sought by it. * * * "

It has been further stated in C.J.S.:

"No recovery can be had under a statute unless plaintiff alleges exactly those facts which the statute names as the basis for the right conferred, but only such facts as the statute itself sets forth as the circumstances under which an action may be maintained need be alleged." 71 C.J.S. Pleading § 86 a., p. 203.

" * * * a pleading in the language of the statute is sufficient if such language reasonably informs defendant of what he will be called on to meet at the trial, although not otherwise * * *." 71 C.J.S. Pleading § 86 c., p. 205.

It is to be noted that we are not dealing with proof in this instance, but solely as to whether such allegation states a cause of action.

The second portion of paragraph one of defendant's demurrer relies upon the Statute of Frauds, I.C. sec. 9–505:

"In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence therefore, of the agreement can not be received without the writing or secondary evidence of its contents:

, *   .*   *   *   *   *

"2. A special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the next section. * * * "

This contention has no merit in view of I.C. sec. 9–506:

"A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing:

"1. Where the promise is made by one who has received property of another upon an undertaking to apply it pursuant to such promise; or by one who has received a discharge from an obligation in whole or in part, in consideration of such promise. * * * "

██ As pleaded in the amended complaint, this transaction was taken out of the Statute of Frauds because it had been partially executed by the transfer of the property to the defendant by two of the debtors. I.C. sec. 9–506.

██ There will be no disposition of paragraph three of the demurrer in view of the ruling on the defendant's motion to strike. It was error for the Court to strike from the amended complaint the allegation setting up the third party beneficiary, in light of the holding herein that an allegation in the language of the statute is sufficient, and therefore should not be stricken as a conclusion, evidence, im-

material, or an unnecessary allegation, as suggested by the defendant.

■ That portion of the motion to strike the allegation of general damages as to impairment of business and credit was well taken under the principle established by this Court, wherein it was said in O. A. Olin Co. v. Lambach, 35 Idaho 767, 209 P. 277, 278, 44 A.L.R. 354:

"* * * Any rule of damages adopted should permit the recovery of such damages as may be just. The established rule in actions for breach of contract is that only such damages will be allowed as fairly compensate the injured party for his loss. * * *"

See also Jensen v. Wooters, 56 Idaho 595, 57 P.2d 340.

The judgment is reversed and the cause remanded to the trial court with instructions to reinstate the cause and to proceed in accordance with this opinion.

Costs to appellant.

KEETON, C. J., and TAYLOR, J., concur.

SMITH, Justice with whom PORTER, Justice concurs (dissenting).

I dissent from the views expressed and conclusions reached in the majority opinion.

Appellant commenced this action as an alleged third party beneficiary to recover damages from respondent, based on respondent's failure to cause release of a judgment of record against appellant and others. The facts are fairly stated in the majority opinion.

Appellant's assignment of error that the court erred in sustaining the demurrer to the amended complaint and in dismissing the action, raises the principal question involved. That question is whether appellant sufficiently pleaded himself to be an express third party beneficiary under the statute (I.C., sec. 29–102) entitled to maintain the action.

I.C., sec. 29–102 reads:

"A contract, made expressly for the benefit of a third party, may be enforced by him at any time before the parties thereto rescind it." (Emphasis supplied.)

"Expressly" is defined to mean: "In an express manner; in direct or unmistakable terms; explicitly, definitely, directly;" Webster's New Intern'l Dictionary, 2nd Edition; "With definitely stated intent or application; exactly or unmistakably; in direct terms; as, the condition was expressly named;" Funk and Wagnalls New "Standard" Dictionary. To the same effect see also 35 C.J.S. Expressly, p. 284.

California Civil Code, sec. 1559 is identical with I.C., sec. 29–102. In Shell v. Schmidt, 126 Cal.App.2d 279, 272 P.2d 82, 89, the Court, in construing said section

of the California statute, also defined the word "expressly" as follows:

"* * * Of course, the beneficiary must be more than incidentally benefited by the contract. An incidental beneficiary cannot successfully maintain an action. (Citations) Whether the beneficiary is or is not an incidental one, or a beneficiary for whose express benefit the contract was entered into, is a question of construction. (Citation) It is not required that the third party beneficiary be specifically named as a beneficiary. All that section 1559 requires is that the contract be 'made expressly for the benefit of a third person', and 'expressly' simply means 'in an express manner; in direct or unmistakable terms; explicitly; definitely; directly.' (Citation)."

Third party beneficiaries under a contract, not parties to it, are classified into three classes by Williston on Contracts, Revised Edition, Vol. 2, sec. 356, which reads:

"Third persons beneficiaries under a contract, although not parties to it, may be divided into three classes: (1) Such person is a donee beneficiary if the purpose of the promisee in obtaining the promise of all or part of the performance thereof, is to make a gift to the beneficiary, or to confer upon him a right against the promisor to some performance neither due (nor supposed) or asserted to be due from the promisee to the beneficiary; (2) such person is a creditor beneficiary if no intention to make a gift appears from the terms of the promise, and performance of the promise will satisfy an actual (or supposed) or asserted duty of the promisee to the beneficiary; (3) such person is an incidental beneficiary if the benefits to him are merely incidental to the performance of the promise and if he is neither a donee beneficiary nor a creditor beneficiary."

And at Section 402 appears the following:

"It sometimes happens that a person who is neither the promisee of a contract nor the party to whom performance is to be rendered will derive a benefit from its performance. Such a person is neither a donee beneficiary nor a creditor beneficiary, but belongs to the third type—the incidental beneficiary. 'An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.' "

American Law Institute, Restatement of the Law of Contracts, Vol. I, Chap. 6, and particularly sections 133 and 137, are to the same effect.

Appellant contends that his pleading shows him to be, not an incidental beneficiary, but an express third party beneficiary. Appellant therefore, in order to

recover, must be shown to be either a donee beneficiary or a creditor beneficiary.

Appellant in his amended complaint shows the joint and several liability of appellant and three other judgment debtors under the Harrison judgment; also, that R. L. and Addie M. Jones, two of the judgment debtors, sold and by their warranty deed conveyed to respondent, and respondent purchased from them, certain real property upon which the judgment had become a lien in its full amount and in its joint and several aspects; that in consummation of the contract of sale and purchase of the real property, respondent, as a part of the purchase price, agreed to pay the judgment; and that although respondent did not pay the judgment as agreed, the judgment became paid by appellant judgment debtor, pursuant to his several liability for the payment thereof.

In German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 33 S.Ct. 32, 35, 57 L.Ed. 195, the presumption is stated to be "that a contract is only intended for the benefit of those who made it." Quoting from said case:

"Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit. For, as said by this court, speaking of the right of bondholders to sue a third party who had made an agreement with the obligor to discharge the bonds, they 'may have had an indirect interest in the performance of the undertakings * * but that is a very different thing from the privity necessary to enable them to enforce the contract by suits in their own names.' (Citations.)"

In W. D. Anderson & Sons v. Samedan Oil Corp., 5 Cir., 1954, 210 F.2d 600, 602, the rule is succinctly stated, adopted from the Texas Supreme Court and supported by a wealth of authorities, as follows:

"The controlling rule of construction, we think, has been well expressed by the Texas Supreme Court as follows:

"'* * * the presumption is that parties contract only for themselves, and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties. Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003; 12 Am.Jur. 833, sec. 281, 17 C.J.S. Contracts § 519, p. 1131.'"

12 Cal.Jur.2d, Contracts, sec. 268, p. 500, construes California Civ.Code, sec. 1559, and the requisite intent thereunder to benefit a third party; such section reads in part:

"A third party who is only incidentally benefited by a contract that is not made expressly for his benefit cannot

recover on the contract. It is incumbent, therefore, on one who would recover upon a contract as a third party beneficiary to allege and to show affirmatively that the contract was made expressly for his benefit. * * * There must have been an intent clearly manifested on the part of the contracting parties to make the obligation inure to the benefit of the third party." And Corbin on Contracts, Vol. 4, sec. 779C, p. 41, in distinguishing the three classes of beneficiaries, has this to say concerning intent:

"If in buying the promise the promisee expresses an intent that some third party shall receive either the security of the executory promise or the benefit of performance as a gift, that party is a donee of either the contract right or of the promised performance or both. If, on the other hand, the promisee's expressed intent is that some third party shall receive the performance in satisfaction and discharge of some actual or supposed duty or liability of the promisee, the third party is a creditor beneficiary. All others who may in some way be benefited by performance have no rights and are called incidental beneficiaries * * * defined only by a statement that negatives the existence of gift and debt * * *."

In Smith v. Anglo-California Trust Co., 205 Cal. 496, 271 P. 898, 901, certain lien claimants sought to recover from funds deposited to the account of the decedent, pursuant to an agreement to erect improvements on certain lots, which sums remained in said account after the death and at the time when the improvements had been substantially completed. The California Court stated:

"Nor do we think the lien claimants can assert such right solely by virtue of the agreement of the securities company to advance the full sum of $20,000, for it is now well settled in this state that to give a third party, who may derive a benefit from the performance of a promise, an action thereon, there must have been an intent clearly manifested by the promisor to secure some benefit to the third party. In other words, the promise or contract must have been one 'made expressly for the benefit of a third person.' Section 1559, Civ.Code, 6 Cal.Jur. 473, § 280, and authorities there cited."

In Burton v. Larkin, 36 Kan. 246, 13 P. 398, 399, quoting with approval from Simson v. Brown, 68 N.Y. 355, is the following:

" 'It is not every promise made by one to another, from the performance of which a benefit may inure to a third, which gives a right of action to such third person, he being neither privy to

the contract nor to the consideration. The contract must be made for his benefit, as its object, and he must be the party intended to be benefited.' "

See also Hendrix Mill & Lumber Co. v. Meador, 228 Ky. 844, 16 S.W.2d 482; Harvey v. Lowry, 204 Ind. 93, 183 N.E. 309; Isbrandtsen Co. v. Local 1291 etc., 3 Cir., 1953, 204 F.2d 495; Hamill v. Maryland Cas. Co., 10 Cir., 1954, 209 F.2d 338; Thomas Mfg. Co. v. Prather, 65 Ark. 27, 44 S.W. 218; Haines v. Pacific Bancorporation, 146 Or. 407, 30 P.2d 763; Shutes v. Cheney, 123 Cal.App.2d 256, 266 P.2d 902.

The purpose of R. L. and Addie M. Jones in obtaining respondent's promise of payment of the Harrison judgment was to release their real property from the lien of such judgment and, in so doing, to relieve themselves of liability for payment thereof. Nowhere in the contract does it appear that the purpose of R. L. and Addie M. Jones, the promisees, in obtaining respondent's promise of performance, was to make a gift to appellant or to confer upon him a right against respondent to some performance not due or asserted to be due from R. L. and Addie M. Jones to appellant. Neither does it appear from the contract that the performance of respondent's promise would have satisfied any actual or asserted duty of the promisees, R. L. and Addie M. Jones, to appellant. Therefore, appellant cannot be considered as either a donee beneficiary or a creditor beneficiary under the contract. The fact that the contract points to appellant as an incidental beneficiary thereunder does not afford him a right of action against respondent. The trial court properly sustained respondent's demurrer to appellant's amended complaint.

Appellant by his remaining assignment asserts error of the trial court in granting respondent's motion to strike portions of the amended complaint. Appellant's principal contention in that regard is that the court struck from the complaint his allegation to the effect that the contract for the payment of the judgment was made expressly for the benefit of the judgment debtors, including appellant. Such statement constituted a conclusion and, as hereinbefore pointed out, is unsupported by allegations of fact.

"The pleading should allege facts as distinguished from mere conclusions." Ayers v. General Hospital, 67 Idaho 430, 182 P.2d 958, 960. See also I.C., sec. 5–605; Hurt v. Brandt, 37 Idaho 187, 192, 215 P. 842; Bancroft's Pleading, Vol. 1, sec. 43, p. 90.

The judgment of the trial court should be affirmed.